anomalous position by eliminating his cause of action almost 30 years before his injury (and, as counsel points out, several years before his birth). Nevertheless the decision to restrict the compensatory right in this manner was properly made by the Indiana legislature, and we may not interfere with that decision absent some infringement of a constitutionally protected right or interest. Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.

the matter with instructions to order Miller's release from custody is hereby VACATED. *United States v. Greer*, 789 F.2d 438 (7th Cir.1986) (*en banc*). The judgment of the district court denying a petition for a writ of habeas corpus is hereby AFFIRMED.

**Charles MILLER, Petitioner–Appellant,**

**v.**

**James GREER, Warden, Menard Correctional Center, Respondent–Appellee.**

**No. 84–2679.**

United States Court of Appeals, Seventh Circuit.

Nov. 3, 1987.

Judith Kirby, Springfield, Ill., for petitioner-appellant.

James V. Cinotto, Springfield, Ill., for respondent-appellee.

Before BAUER, Chief Judge, CUMMINGS, WOOD, CUDAHY, POSNER, COFFEY, FLAUM, EASTERBROOK, and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

Upon remand from the United States Supreme Court, — U.S. ——, 107 S.Ct. 3102, 97 L.Ed.2d 618. IT IS ORDERED that the opinion and judgment reversing the judgment of the district court and remanding

**In re Petition of United States of America to Perpetuate the TESTIMONY OF ARTHUR ANDERSEN & CO. and Warner Computer Systems.**

**Appeal of Hill A. WHEATLEY.**

**No. 86–2219.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1987.

Decided Nov. 3, 1987.

